09-2659-cv
Libaire v. Kaplan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6ᵗʰ day of October, two thousand ten.

PRESENT:   ROGER J. MINER,
                      BARRINGTON D. PARKER,
                      REENA RAGGI,
                                      *Circuit Judges.*
-----------------------------------------------------------------------------
JOHN H. LIBAIRE, JR.,
                                      *Plaintiff-Appellant*,

MITCHELL A. STEIN, ESQ.,
                                      *Appellant*,

                      v.                                                      No. 09-2659-cv

MYRON KAPLAN, JANET KRUDOP, NORTH FORK
PRESERVE, INC., NORTH FORK PRESERVE, CO.,
                                      *Defendants-Appellees.*
-----------------------------------------------------------------------------

APPEARING FOR APPELLANTS:        STEVEN ALTMAN (Mitchell A. Stein, Stein Law, P.C., Northport, New York, *on the brief*), Altman & Company P.C., New York, New York.

APPEARING FOR APPELLEES:        RONALD J. ROSENBERG (Leslie A. Reardon, *on the brief*), Rosenberg Calica & Birney LLP, Garden City, New York.

Appeal from the United States District Court for the Eastern District of New York (Denis R. Hurley, *Judge*; E. Thomas Boyle, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on May 29, 2009, is AFFIRMED.

Plaintiff John Libaire appeals from an award of summary judgment entered in favor of defendants on his securities fraud claims brought pursuant to Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), see 15 U.S.C. § 78j, and Rule 10b-5 promulgated thereunder, see 17 C.F.R. § 240.10b-5. Libaire and his counsel below, Mitchell A. Stein, also appeal an award of sanctions. We review an award of summary judgment de novo, see Havey v. Homebound Mortg., Inc., 547 F.3d 158, 163 (2d Cir. 2008), and we will uphold such a judgment only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). We review the imposition of sanctions under the Private Securities Litigation Reform Act ("PSLRA") and Rule 11 for abuse of discretion. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 579 F.3d 143, 150 (2d Cir. 2009). In applying these principles to this appeal, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Summary Judgment

Libaire contends that because his 2005 payment of $7,800 in annual dues to North Fork Preserve, Inc. ("North Fork") constituted a purchase of a security within the meaning of the Exchange Act, the district court erred in concluding that his securities fraud claims were time-barred. We are not persuaded and affirm for substantially the reasons stated by the district court.

In determining whether a transaction constitutes a security within the meaning of the Exchange Act, we consider whether there has been "(1) an investment in a common venture, (2) premised on a reasonable expectation of profits, (3) to be derived from the entrepreneurial or managerial efforts of others." Golden v. Garafalo, 678 F.2d 1139, 1141 (2d Cir. 1982) (citing United Hous. Found. v. Forman, 421 U.S. 837, 852 (1975), and SEC v. W.J. Howey Co., 328 U.S. 293, 301 (1946)); accord United States v. Leonard, 529 F.3d 83, 88 (2d Cir. 2008). Libaire has not alleged, much less adduced evidence sufficient to permit a rational factfinder to conclude, that his 2005 payment was motivated "solely by the prospects of a return on his investment." United Hous. Found. v. Forman, 421 U.S. at 852 (internal quotation marks omitted). To the contrary, the record evidence demonstrates that the 2005 payment was for annual membership dues, which were required by the corporate by-laws and afforded Libaire access to and use of the hunting preserve and related facilities maintained by North Fork. For these reasons, Libaire has failed as a matter of law to satisfy the reasonable expectation of profits element of a security. See, e.g., id. at 852-53 (holding that "when a purchaser is motivated by a desire to use or consume the item purchased . . . the

3

securities laws do not apply").[1]  Because Libaire's only qualifying purchase of a security occurred when he acquired a single share of North Fork common stock in 1988, his securities fraud claims were properly dismissed as barred by the applicable statute of limitations. See 28 U.S.C. § 1658(b) (requiring that a private federal action for securities fraud be commenced before earlier of "2 years after the discovery of the facts constituting the violation" or "5 years after such violation"); accord Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 411 (2d Cir. 2008).

2.    Sanctions

Libaire submits that the district court's award of sanctions must be vacated because there was no "final adjudication of the action" as required by the PSLRA.  He further contends that the district court abused its discretion in concluding that sanctions were appropriate.  We disagree.

a.    Final Adjudication

The PSLRA states that "[i]n any private action arising under this chapter, upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(c)(1).  Although

---

[1] No different conclusion is warranted by Libaire's arguments relating to the investment decision doctrine.  Those arguments were not raised below and are therefore waived.  See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132 (2d Cir. 2008) (observing that it "is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal" (internal quotation marks omitted)).

4

Libaire argues that there was no "final adjudication of the action" within the meaning of the PSLRA because the district court "impliedly determined that [he] lacked statutory standing under the Exchange Act and prudential standing under [Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975)]," Appellants' Br. at 27, this argument is not supported by the record.

Even assuming arguendo that a dismissal for lack of standing would not constitute a final adjudication for purposes of the PSLRA, the district court's decision makes clear that it is an adjudication of the merits (i.e., the timeliness) of Libaire's claims, not a determination of whether he had standing to bring suit. See generally Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995) (holding that, under federal law, the dismissal of a claim as time-barred is adjudication of merits for purposes of res judicata). Indeed, it is undisputed that Libaire is a purchaser of a security. The sole question is whether a security was purchased only in 1988, when Libaire bought a single share of North Fork common stock, or also in 2005, when Libaire paid his annual dues. Moreover, because the district court's determination that Libaire's federal claims are time-barred precludes him from reasserting those claims, this case is easily distinguished from those Libaire cites in support of his argument. See, e.g., Unite Here v. Cintas Corp., 500 F. Supp. 2d 332, 337 (S.D.N.Y. 2007) (concluding that there was no "final adjudication" within meaning of PSLRA where plaintiffs had voluntarily dismissed claims without prejudice); Blaser v. Bessemer Trust Co., No. 01 Civ. 11599, 2002 WL 31359015, at *3-4 (S.D.N.Y. Oct. 21, 2002) (same).

5

That the district court declined to exercise supplemental jurisdiction over Libaire's state law claims does not alter this conclusion. The plain language of the PSLRA requires final adjudication of private causes of action arising under the federal securities laws, not final adjudication of all arguably related causes of action arising under state law. See 15 U.S.C. § 78u-4(c)(1). For the foregoing reasons, Libaire's contention that there was no final adjudication within the meaning of the PSLRA is without merit.

b. Propriety of Sanctions

Libaire and Stein challenge the propriety of the district court's decision to award sanctions. Because that decision manifests no abuse of discretion, we affirm.

The PSLRA "requires district courts, at the conclusion of private actions arising under federal securities laws, to make Rule 11 findings as to each party and each attorney, . . . and if a Rule 11 violation is found, the statute requires courts to impose sanctions." ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 579 F.3d at 152 (internal citations omitted) (emphasis in original). In awarding sanctions, the district court found that Stein not only knowingly commenced a securities action in which the only purchase of a security occurred eighteen years earlier, but also failed to disclose that fact in the complaint. The court further found that because Stein's argument that the 2005 payment of annual dues constituted the purchase of a security lacked any support in the case law, it was "patently clear that [the] claim ha[d] absolutely no chance of success under existing precedents." Libaire v. Kaplan, No. 06 Civ. 1500(DHR)(ETB), 2008 WL 794973, at *11 (E.D.N.Y. Mar. 24, 2008) (adopting Report and recommendation of Magistrate Judge Boyle) (internal quotation marks omitted). These facts,

6

together with Stein's failure to allege any viable misrepresentation on defendants' part and his history of sanctionable conduct, led the district court reasonably to conclude that an award of sanctions for the violation of Fed. R. Civ. P. 11(b)(1) and (b)(2) was proper. In awarding sanctions against Libaire for his violation of Fed. R. Civ. P. 11(b)(1), the court found that Libaire had previously commenced state court actions asserting virtually identical allegations against defendants. Once that action was dismissed and the dismissal was affirmed on appeal, Libaire filed the instant federal lawsuit. Under these circumstances, the court found that the federal action was brought to harass defendants.

On this record, we identify no abuse of discretion in the district court's decision to award sanctions under the PSLRA. As discussed, Libaire failed to allege, much less prove, all of the elements necessary to establish that his 2005 payment constituted the purchase of a security. Although Libaire argues that the application of the investment decision doctrine to the facts of this case demonstrates that his claims were not objectively unreasonable, that theory was neither pleaded nor argued below. Libaire's contention that the district court should not have considered Stein's history of sanctionable conduct is similarly unavailing. It is well-established that in determining whether a party has complied with the dictates of Rule 11, a court may consider, inter alia, "whether the person has engaged in similar conduct in other litigation." Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments); see also Martens v. Thomann, 273 F.3d 159, 177-78 (2d Cir. 2001).

Accordingly, because the district court acted within its discretion in awarding sanctions against Libaire and Stein, we will not disturb its decision on appeal.

7

3.    Conclusion

We have considered Libaire's remaining claims on appeal and conclude that they are without merit.  For the foregoing reasons, the May 29, 2009 judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court